IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL WILLIAMS, | ) | |
| | ) | Civil Action No. 2: 13-cv-1805 |
| Plaintiff, | ) | |
| | ) | Senior United States District Judge |
| | ) | Maurice B. Cohill |
| v. | ) | |
| | ) | United States Magistrate Judge |
| KATE BARKMAN, Director, Clerk of Court | ) | Cynthia Reed Eddy |
| Records, and ALL UNKNOWN CLERKS, | ) | |
| individual and official capacity of the Office | ) | |
| of the Clerk of Courts Records of Allegheny | ) | |
| County, PA, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is recommended that, pursuant to the authority granted courts by the Prison Litigation Reform Act ("PLRA"), the Complaint in this matter be dismissed for failure to state a claim upon which relief can be granted.

**II.     REPORT**

Darnell Williams ("Plaintiff"), an inmate currently incarcerated at SCI-Mercer, has filed a *pro se* a civil rights complaint under 42 U.S.C. § 1983, in which he alleges that Defendants have violated his rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution. (ECF No. 5). Plaintiff alleges, *inter alia,* that Defendants "have arbitrarily, knowingly and actively fraudulently concealed and failed to provide the full and complete records and dockets necessary for the [Pennsylvania Supreme Court and the

1

Pennsylvania Superior Court] any meaningful review. . . ." Complaint at ¶ VI(5). Plaintiff seeks injunctive relief, as well compensatory and punitive damages. *Id.* at ¶ 11.

Defendants Court Administrator Kate Barkman and all unnamed Clerks of Courts of Allegheny County are absolutely immunized from a suit for damages under the doctrine of quasi-judicial immunity. Therefore, it is recommended that the Complaint be *sua sponte* dismissed in its entirety.

A. **Applicable Legal Principles**

In the PLRA, Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of often times frivolous and harassing lawsuits brought by persons in custody. *See Santana v. United States*, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding *in forma pauperis* and permitted courts to *sua sponte* screen such prisoner complaints and dismiss pre-service such complaints or portions of complaints if they are, *inter alia,* frivolous or fail to state a claim. In the instant case, Plaintiff has been granted IFP status (ECF No. 4) and is a prisoner within the meaning of 28 U.S.C. § 1915.[1] Thus, Section 1915(e)(2) screening is applicable herein.

Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court

---

[1] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

2

shall dismiss" utilized by Section 1915(e). *See., e.g., Keener v. Pennsylvania Board of Probation and Parole*, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.")

In addition, because Plaintiff is a prisoner suing Kate Barkman, a court administrator, and "all unknown Clerks" of Allegheny County, who are all government officers or employees, the screening provisions of 28 U.S.C. § 1915A(a), apply as well. Moreover, under § 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim or that is frivolous but the court is required to do so. *Nieves v. Dragovich*, No. Civ. A. 96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997) ("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which could be granted,"), *aff'd*, 175 F.3d 1101 (3d Cir. 1999) (Table).

In performing a court's mandated function of *sua sponte* reviewing complaints under 28 U.S.C. § 1915(e) and § 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard as applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Powell v. Hoover*, 956 F. Supp. 565, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and § 1915A and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. *See Estelle v. Gamble*, 429 U.S. 97 (1976). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6), and hence, also under the PLRA screening provisions. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those contradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Or put another way, a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is proper under Rule 12(b)(6), and hence, under the PLRA screening provisions, where the court determines that the contradicted facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a

matter of law. *See., e.g., Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, because Plaintiff is *pro se,* courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519 (1972).

**B.     Discussion**

1.     *Quasi-Judicial Immunity*

Defendants Kate Barkman, Director, Clerk of Court Records, and "all unknown clerks" are sued in their official and individual capacities. Beyond unsupported assertions of broad-based illegal and fraudulent conduct, Plaintiff does not allege specific conduct by these individuals that deprived him of his constitutional rights.

Immunity from suit applies to judicial officers in the performance of their official duties, thereby relieving them from liability for judicial acts. *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir.2006) (citing *Mireles v. Waco*, 502 U.S. 9, (1991)). Furthermore, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Azubuko,* 443 F.3d at 303 (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).

The protections of judicial immunity extend to those who perform "quasi-judicial" functions. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 772–73 (3d Cir. 2000)

(citing *Forrester v. White,* 484 U.S. 219, 225 (1988) (the protections of judicial immunity extend to officials "who perform quasi-judicial functions")); *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir.1992) (holding that a prison physician who prepared an evaluation of an inmate pursuant to a judge's request was "functioning as an arm of the court" and "[a]s such, he was an integral part of the judicial process and is protected by the same absolute judicial immunity that protects Judge Connelly).

In the instant case, all of the actions of the defendants were an integral part of the judicial process. A court administrator or deputy administrator, who is charged with the duty of carrying out facially valid courts orders, enjoys quasi-judicial immunity from liability for damages in a suit challenging conduct prescribed by that order. *See Addlespurger v. Corbett*, 461 F. App'x 82, 85-86 (3d Cir. 2012); *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 7600, 772-773 (3d Cir. 2000). Consequently, the Complaint should be dismissed as it fails to state a claim that can overcome the quasi-judicial immunity that inures to these Defendants under the circumstances.

To the extent that Plaintiff's requested relief can be construed as a request for injunctive relief against Defendants such claims for injunctive relief are likewise subject to the bar of quasi-judicial immunity. What the court held in *Fox v. Lee* is equally applicable here:

> Section 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff's complaint does not allege that either of these prerequisites to injunctive relief were met, and therefore his

6

> claim for injunctive relief is dismissed as well. *See Montero v. Travis,* 171 F.3d 757, 761 (2d Cir. 1999) (holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Ackermann v. Doyle,* 42 F. Supp. 2d 265, 273 (E.D.N.Y. 1999) (dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable); *Reilly v. Weiss*, No. 97-CV-05883, 1998 WL 1110695, at *1 n.3 (D.N.J. June 15, 1998) (same).

*Fox v. Lee*, 99 F. Supp.2d 573, 575-76 (E.D.Pa. 2000). Hence, any claims for injunctive relief should be dismissed as well.

   2.   *Leave to Amend is Not Warranted*

Ordinarily, a plaintiff may be granted "leave [to amend] . . . when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). However,"[a]llowing leave to amend where 'there is a stark absence of any suggestion by the plaintiffs that they [might] develop any new facts since the action was commenced, which would, if true, cure the defects in the pleadings . . ., would frustrate Congress's objective in enacting this statute of 'provid[ing] a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis'." *Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp.,* 394 F.3d 126, 164 (3d Cir. 2004). Plaintiff's claims indicate, in no ambiguous terms, that he seeks to sue Defendants for the acts undertaken by them in their judicial capacities. Plaintiff cannot change that by re-pleading. Therefore, granting him leave to amend would necessarily be futile.

7

### III. Conclusion

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until **March 7, 2014**, to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

*s/ Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

Dated: February 18, 2014

cc: DARNELL WILLIAMS
 DN8745
 801 Butler Pike
 Mercer, PA 16137