IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARNELL WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>KATE BARKMAN, Director, Clerk of Court Records, and ALL UNKNOWN CLERKS, individual and official capacity of the Office of the Clerk of Courts Records of Allegheny County, PA,<br><br>    Defendants. | Civil Action No. 2: 13-cv-1805<br><br>Senior United States District Judge<br>Maurice B. Cohill<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

## MEMORANDUM ORDER

The above captioned case was initiated by the filing of a motion to proceed *in forma pauperis* (ECF No. 1) on December 19, 2013, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the local rules of court. On January 3, 2014, the motion to proceed *in forma pauperis* was granted and the Complaint was filed (ECF No. 5).

On February 18, 2014, the Magistrate Judge filed a Report and Recommendation (ECF No. 10) recommending that the Complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, as the Complaint fails to state a claim on which relief may be granted. Plaintiff filed Objections to the Report and Recommendation on February 25, 2014 (ECF No. 13) and a Brief in Opposition to the Report and Recommendation on March 14, 2014 (ECF No. 16). Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

1

As explained in the Report and Recommendation, it is well-settled that judges, as well as court personnel whose functions are intimately or closely associated with the judicial process, are absolutely immune from suits arising from their official duties. *See Mireless v. Waco*, 502 U.S. 9, 9-10 (1991) (explaining that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and that "judicial immunity is not overcome by allegations of bad faith or malice."; *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 766 (3d Cir. 2000) (dismissing claims against the Deputy Court Administrator of the Family Court Division on the basis of absolute quasi-judicial immunity because the claims arose from the administrator's duties for the court).

Defendants here are immune from suit because Plaintiff's claims arise out of Defendants' duties as administrators for the court, specifically, the docketing of documents and transmitting of court documents. Consequently, because Defendants are immune from suits based on these type of claims, Plaintiff's complaint must be dismissed.

Moreover, assuming *arguendo* that Defendants were not entitled to immunity, the Complaint would still be dismissed for failure to state a claim. In order to establish a denial of access to courts claim, Plaintiff must show (i) that he suffered an actual, concrete injury, in the form of direct prejudice in the pursuit of some legal claim and (ii) that he has no other "remedy" that may be awarded as recompense for the lost claim other than in the present denial of access suit. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir.), *cert. denied, Stover v. Beard*, 129 S. Ct. 1647 (2008) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). The record reflects that in October 2012, the Deputy Prothonotary for the Supreme Court of Pennsylvania explained

to Plaintiff that, even assuming a docketing error had occurred, Plaintiff had not suffered any prejudice and that his right to appeal had not been impeded:

> [E]ven if the post-sentence motion you identify was never decided, it is clear from examining the docket as a whole that you could not have been aggrieved thereby, nor was your right to appeal impeded.
>
> In a criminal matter, the appeal is taken from the judgment of sentence. The filing of post-sentence motions tolls the time for filing a notice of appeal until after those motions are decided, but the appeal is still from the judgment of sentence, not from the order denying post-sentence motions. In this case, judgment of sentence was entered March 25, 1998. If there was any error regarding the handling of post-sentence motions filed in April of 1998, it was unquestionably cured because on July 21, 1998, the court directed counsel to file amended post-sentence motions, they were filed on August 10, 1998, the court denied them on October 23, 1998, and a timely notice of appeal from the March 25, 1988 judgment of sentence was filed on November 19, 1998. This appeal was docketed in the Superior Court at No. 2140 PGH 1998 and the judgment of sentence was affirmed on October 8, 1999. Incidentally, it is noted that the Supreme Court granted a petition for allowance of appeal from this order at No. 748 SAL 1999, but the appeal was dismissed as improvidently granted on September 25, 2001, No. 11 WAP 2000. Thereafter, the matter proceeded via Post Conviction Relief Act proceedings through complete review in the common pleas court, Superior Court (No. 1026 WDA 2002), and Supreme Court (No. 514 WAL 2003).

Complaint, Exhibit 3 (ECF No. 5-3).

Accordingly, Plaintiff has not suffered any prejudice and, therefore, has not met the prerequisite first prong needed to establish a denial of access to courts claim.

Furthermore, the Complaint fails to assert facts describing any wrongdoing by Defendant Barkman herself. Beyond unsupported assertions that Defendants "knowingly and arbitrarily fabricat[ed] and creat[ed] a completely different false second docket . . .", Complaint, at ¶ 7, the Complaint does not allege specific conduct by Defendant Barkman that deprived Plaintiff of his constitutional rights. "Government officials may not be held liable for the unconstitutional conduct of their subordinates, under a theory of respondent superior [and] a plaintiff must plead

that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 566 U.S. 662, 676 (emphasis added). As Plaintiff fails to assert facts showing that Kate Barkman, Director, Clerk of Court Records, violated Plaintiff's federal rights, the Complaint fails to state a claim against Defendant Barkman under the *Iqbal* pleading standard.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

AND NOW, this 31st day of March, 2014,

**IT IS ORDERED** that this action is dismissed pursuant 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF. No. 10) dated February 18, 2014, is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

BY THE COURT:

*Maurice B. Cohill, Jr.*
Maurice B. Cohill
Senior United States District Judge

cc: DARNELL WILLIAMS
DN8745
801 Butler Pike
Mercer, PA 16137

4